## COMMON PLEAS COURT

No. 599

FOSTER v. STATE

Court of Common Pleas, Montgomery Co.

No. 60241. Decided June 27, 1927.

685. JUSTICE OF THE PEACE—681 Jurisdiction—Waiver of trial by jury as provided in 13511 GC., does not give justice of the peace jurisdiction over subject matter of action.

SNEDIKER, J.

This case is on error to the judgment of the justice of the peace of Butler Township. In the court below, Foster was charged with the unlawful operation of an automobile on the public roads of the State. The transcript shows that, upon his arraignment, he pleaded not guilty, signed a jury waiver and had a trial. The court found him guilty, and sentenced him to pay a fine of ten dollars and ten dollars costs. Five dollars of the fine were suspended, and the other five, together with the ten dollars costs, were paid.

The petition in error complains that the justice had no jurisdiction over the subject-matter of the action.

It is urged that the last sentence of 13511 GC., does not warrant a justice of the peace, after waiver of a jury trial, in taking testimony and administering a fine to a defendant found guilty of a misdemeanor for which there is not by law a penalty of imprisonment; because there is no provision for a jury in a magistrate's court in such a cause.

We do not understand that a jury which a defendant waives under 13511 GC. is a jury in a magistrate's court. The duty of the justice under this section is to bind the defendant over to the proper court; and if that with which he is charged is a misdemeanor, to bind him over to the Probate Court. When a defendant before a magistrate waives a jury, he waives the right, on being bound over to the Probate Court, to demand a jury in that court.

A jury waiver under 13511 GC. is effective to entitle the justice of the peace to proceed, if there is no other question in the case. But there is another consideration before we can finally say that the court below had the right to proceed.

In the case of Schick v. The United States, 195, US., 65, the United States Supreme Court found that where there is no constitutional or statutory mandate and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy.

The 5th and 14th amendments to the Constitution of the United States are a mandate and involve an important public policy, and as such may not be waived by an accused who is on trial.

In deciding the Tumey case, Tumey v. State, US. 5 Abs. 185, Chief Justice Taft uses the following language:

"It certainly violates the 14th amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case."

If the justice of the peace in the case at her, acted without jurisdiction because of a violation of the due process provision of the Federal Constitution as defined by Judge Taft, it became his duty, upon so finding himself without jurisdiction, to strike the case from his docket.

Judgment reversed.

Attorneys—Legler & Murray, Dayton, for Foster.

## Weekly Abstract of PENDING CASES

EXPLANATION. The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.